IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LOLITA DAVIS, ET AL.            *
                               *
        v.                     *
                               *    Civil No. JFM-09-2828
                               *
THE TERMINIX INTERNATIONAL CO.  *
                               *****

MEMORANDUM

In the original complaint they filed in this action, plaintiffs brought suit against THE

TERMINIX INTERNATIONAL COMPANY, L.P. ("Terminix").  After Terminix filed a motion

to dismiss, plaintiffs filed an amended complaint in which they added Safeguard Pest Control

("Safeguard") as a defendant.  Terminix has now filed a motion to dismiss the amended

complaint against it.  The motion will be granted.

Plaintiffs' claims are for property damage and personal injury arising from a pest control

application at their home on August 11, 2006.  The application was performed by Safeguard, not

by Terminix.  Thereafter, Terminix purchased Safeguard's assets.  The Asset Purchase

Agreement obligated Terminix to continue to perform services at the accounts that were acquired

from Safeguard.  However, Terminix did not assume Safeguard's liabilities in the Asset Purchase

Agreement. Indeed, Section 36(b) of the Asset Purchase Agreement expressly excluded

Terminix's assumption of any Safeguard liability arising prior to the Agreement's closing date.

Accordingly, plaintiffs have no claim against Terminix under the Agreement.

Plaintiffs alternatively argue that Terminix is liable to them under Article 6 of the

Maryland Uniform Commercial Code ("UCC").  That argument is unavailing.  Article 6 is

1

designed to protect a merchant's unsecured creditors from his disposition of inventory outside the ordinary course of business, *see Fico, Inc. v. Ghingher*, 411 A.2d 430, 432–33 (Md. 1980); *see also Chromacolour Labs, Inc. v. Snider Bros. Prop. Mgmt.*, 503 A.2d 1365, 1367 (Md. 1986), not to subject bulk transferees to claims for personal injury or property damage caused by the negligence of the transferor.  Moreover, it is unclear whether Article 6 even applies to the asset transfer between Terminix and Safeguard.[1] *See Chromacolour Labs*, 503 A.2d at 1367–68 (Article 6 generally only applies to businesses whose principal business is the sale of merchandise, not services).

A separate order granting Terminix's motion to dismiss is being entered herewith.


Date:   January 27, 2010             ____/s/_____
                                     J. Frederick Motz
                                     United States District Judge

---

[1] I believe that Article 6's applicability depends on the nature of the asset transfer between Safeguard and Terminix. *Cf. Chromacolour Labs*, 503 A.2d at 1366–68. However, both parties seem to disagree. They suggest that Article 6's applicability hinges on the nature of the contract between plaintiffs and Safeguard and therefore they did not brief the issue with a focus on the asset transfer. As a result, I will refrain from deciding whether the UCC applies in this case.